UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK L. JONES,

       Petitioner,

                                  Case No. 17-cv-10086

v.

                                  HON. MARK A. GOLDSMITH

PEOPLE OF THE STATE OF
MICHIGAN,

       Respondent.
_____/

**OPINION AND ORDER
TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE
SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Rodrick L. Jones, confined at the Clinton County Jail in St. Johns, Michigan while on parole supervision to the Michigan Department of Corrections, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner was convicted in the Isabella County Circuit Court in case number 07-1926-FH of delivery of less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), for an offense which took place on September 2, 2007. Petitioner was convicted in the Isabella County Circuit Court in Case of first-degree home invasion, Mich. Comp. Laws § 750.110a; bribing, intimidating, or interfering with a witness, Mich. Comp. Laws § 750.122; and being a third habitual offender, Mich. Comp. Laws § 769.11, for an offense which took place on September 1, 2007. Petitioner's habeas petition is a successive challenge to both convictions. Therefore, the Court transfers this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination of whether Petitioner should be permitted to file a successive habeas petition.

**I. BACKGROUND**

1

Petitioner previously filed a petition for writ of habeas corpus, in which he challenged his 2007 conviction for delivery of less than 50 grams of cocaine, which was denied on the merits. Jones v. McKee, No. 2:10-CV-11675 (E.D. Mich. July 26, 2011) (Cohn, J.). Petitioner also previously filed a habeas petition challenging his conviction for first-degree home invasion, bribing, intimidating, or interfering with a witness, and being a third habitual offender. The petition was dismissed on the ground it was barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Jones v. Curtin, No. 2:13-CV-11778 (E.D. Mich. Dec. 30, 2013) (Friedman, J.).

Petitioner's current habeas petition is rambling and difficult to understand, but he references both convictions in his habeas petition. It is unclear whether Petitioner seeks relief on one or both convictions, but he appears to raise claims involving both convictions.

## II. ANALYSIS

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F. 3d 939, 940 (6th Cir. 1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit, no matter how meritorious the district court believes the claim to be. Id.; see also In Re

Sims, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function that the district court previously would have performed. Felker v. Turpin, 518 U.S. 651, 664 (1996).

Petitioner previously filed a habeas petition with the federal courts challenging both convictions. Petitioner's prior habeas petition challenging his delivery of cocaine conviction was denied on the merits. Petitioner's prior habeas petition challenging his home invasion, bribing, intimidating, or interfering with a witness, and habitual offender convictions was dismissed on the ground that it was barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). The dismissal of the petition by Judge Friedman for Petitioner's failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders the current petition "second or successive" for the purpose of § 2244(b), with respect to this conviction. See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011); In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005); Altman v. Benik, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam); cf. In re Cook, 215 F.3d 606, 607-608 (6th Cir. 2000) (when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)). Petitioner's current habeas petition is successive, regardless of whether he challenges one or both of these convictions.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to Sims and 28 U.S.C. § 1631. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Although neither party raised the issue

of this being a second or successive petition, it is appropriate for this Court to consider the issue sua sponte because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See Williams v. Stegall, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether Petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. See In Re McDonald, 514 F. 3d 539, 543-44 (6th Cir. 2008).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit.

SO ORDERED.

Dated: January 12, 2017  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2017.

s/Karri Sandusky  
Case Manager