UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK L. JONES,

    Petitioner,                                             Civil Action No. 17-10086

v.                                                        HON. MARK A. GOLDSMITH

PEOPLE OF THE STATE OF
MICHIGAN,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION TO CHANGE OPINION AND REASON FOR OPINION (Dkt. 7)

Petitioner Rodrick L. Jones filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court concluded that petitioner's habeas petition was a successive challenge to both of his convictions out of the Isabella County Circuit Court and transferred the case to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination of whether petitioner should be permitted to file a successive habeas petition (Dtk. 3). The United States Court of Appeals for the Sixth Circuit denied petitioner permission to file a successive habeas petition. In Re Jones, No. 17-1046 (6th Cir. May 19, 2017) (Dkt. 5).

Petitioner has now filed a motion for this Court to change its opinion or its reason for the opinion. For the reasons that follow, the motion is denied.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F. 3d 939, 940 (6th Cir. 1998). Under the provisions of the

Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. Id. at 971; see also In Re Sims, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. Felker v. Turpin, 518 U.S. 651, 664 (1996).

Petitioner previously filed a habeas petition with the federal courts challenging both convictions. Petitioner has also now been denied permission by the Sixth Circuit to file a successive habeas petition. To the extent that petitioner wants this Court to change the reasoning behind its opinion and order to transfer the petition to the Sixth Circuit for that court to determine whether to grant petitioner permission to file a successive habeas petition, petitioner is in a sense asking this Court to overturn the Sixth Circuit's order denying petitioner permission to file a successive habeas petition. A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the court of appeals declines to grant petitioner leave to file such a petition. See White v. Carter, 27 F. App'x. 312, 313-314 (6th Cir. 2001). This is consistent with 28 U.S.C. § 2244(b)(3)(E), which states that the grant or denial of an authorization to file a second or successive habeas corpus petition "shall not be appealable."

Further, it shall not be subject for a petition for a rehearing or for a petition for a writ of certiorari.

In Re King, 190 F. 3d 479, 480-481 (6th Cir. 1999).

Accordingly, the motion to change the opinion or the reason for the opinion (Dkt. 7) is denied.

SO ORDERED.

Dated: July 20, 2020　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2020.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager